**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Demark Dixon,**

**Plaintiff,**

**-against-**

**Federal Agent John/Jane Doe, et al.,**

**Defendants.**

**1:26-cv-09516 (PAE) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This civil rights action, brought by *pro se* Plaintiff Demark Dixon ("Plaintiff"), has been referred to the undersigned for general pretrial purposes. (*See* Order of Ref., ECF No. 6.) Because the defendants named in the Complaint are unknown, before this action can proceed, the Court must determine whether to issue a *Valentin* Order to assist Plaintiff in identifying the proper defendant(s).[1] For the reasons set forth below, the Court declines to issue a *Valentin* Order unless Plaintiff files an Amended Complaint alleging additional facts plausibly alleging that his constitutional rights were violated and additional facts from which the identities of the police or federal law enforcement officers who committed such violations can be ascertained.

**BACKGROUND**

Plaintiff commenced this action on October 30, 2026, by filing a form Pro Se Complaint for alleged violations of his civil rights naming as defendants certain unidentified individuals (*i.e.*, John/Jane Does) who purportedly were a "Federal Agent" (with an address at 26 Federal Plaza,

[1] As discussed in the Legal Standards section, *infra*, under *Valentin v. Dinkins*, a *pro se* plaintiff is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir.1997).

NY, NY) and/or "Police/Detectives" (with an address at One Police Plaza, NY, NY). (Compl., ECF No. 1, at PDF p. 2.) In his Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his rights under the Fourth Amendment to the U.S. Constitution based upon his discovery of a GPS tracking device on his car. (*See id*. at PDF pp. 3-5.) In his Complaint, Plaintiff states that he "would like to obtain the full name of the . . . unknown Police, Detective, or FBI agent, who is leading the investigation that violated plaintiff['s] 4th Amendment Constitutional [rights]." (*Id*. at PDF p. 7.) However, Plaintiff acknowledges in his Complaint that he is unsure if the "Police" or the FBI were involved in placing the tracking device on his car. (*See id*. (stating "If either agency isn[']t involved with any investigation against plaintiff . . . please put it in writing, and investigate who is . . . putting trackers on plaintiff['s] cars . . ."; "If one of the above defendant[s] is the correct defendant . . ."; "If the defendant is the FBI . . .").)

Plaintiff's Complaint similarly reflects that he is unsure if the tracking device was placed on his car with or without a warrant. On the one hand, the Complaint alleges that "[t]his defendant did not have a warrant" and that the device was placed "without a warrant" (Compl. at PDF pp. 3-4.) On the other hand, Plaintiff requests in the Complaint as a form of relief a "[c]opy of the warrant that was issued by the Judge." (*Id*. at 7.)

## LEGAL STANDARDS

"Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant." *Lurch v. Doe Officers*, No. 22-CV-02324 (VSB), 2022 WL 17617837, at *1 (S.D.N.Y. Dec. 13, 2022) (quoting *Stephen v. Hall*, No. 19-CV-02225 (JPO) (VF), 2022 WL 6765791, at *1 (S.D.N.Y. Oct. 11, 2022)). "This assistance, however, is not limitless, particularly in an action's initial stages." *Id*. "For example, courts routinely decline to issue '*Valentin* Orders'

where a plaintiff does not provide enough information to identify an unidentified defendant or where it does not appear that a plaintiff has stated a claim." *Id*. (citing cases).

**DISCUSSION**

In the present case, Plaintiff has not pled sufficient facts in his Complaint from which it can be inferred that a police or federal law enforcement officer was involved in placing a GPS tracking device on his car without a warrant. Nor has Plaintiff provided sufficient information in his Complaint to identify any particular police or federal law enforcement officer who may have been so involved. Accordingly, the Court declines to issue a *Valentin* Order at this time. *See Jones v. Bloomberg*, No. 14-CV-06402 (KPF), 2014 WL 4652669, at *2 (S.D.N.Y. Sept. 17, 2014) (declining to issue *Valentin* Order and stating, "It does not appear to the Court that the complaint asserts a viable claim against this officer or provides enough information about this officer to determine his identity.").

**CONCLUSION**

By reason of the foregoing, it is hereby ORDERED that, no later than December 31, 2026, Plaintiff shall file an Amended Complaint setting forth the factual basis for any claim against a police or federal law enforcement officer, including the date when the GPS tracking device allegedly was placed on Plaintiff's car or when he first noticed it; Plaintiff's basis for believing that a police or federal law enforcement officer placed it there without a warrant; and a general description of such officer(s).

Plaintiff is advised that the Federal Pro Se Legal Assistance Project run by the City Bar Justice Center ("CBJC") provides free, limited-scope legal services to self-represented parties in civil cases, including assistance in preparing the Amended Complaint. The CBJC is not part of, or

run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the *Pro Se* Intake Unit). Litigants in need of legal assistance should complete CBJC's intake form, available at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/, to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

**SO ORDERED.**

Dated: New York, New York
November 21, 2026

STEWART D. AARON
United States Magistrate Judge